## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT NICHOLS FLINT DILLE, and LORRAINE DILLE, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Civil Action |
| | : | |
| v. | : | |
| | : | |
| LOUISE A. GEER, DANIEL I. HERMAN, | : | No. 20-cv-00924-WB |
| DAVID KLOSS, BRIAN McDEVITT, | : | |
| DIANE McDEVITT, JOHN O'MALLEY, | : | |
| HENRY M. SNEATH, GEER AND | : | JURY TRIAL DEMANDED |
| HERMAN, P.C., KLOSS STENGER & | : | |
| LoTEMPIO, THE BUCK ROGERS | : | |
| COMPANY, and THE NOWLAN | : | |
| FAMILY TRUST, | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANT, LOUISE A. GEER, TO PLAINTIFFS' AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Louise A. Geer ("Answering Defendant"), by and through her attorneys, Kane, Pugh, Knoell, Troy & Kramer, LLP, hereby files this Answer to Plaintiffs' Amended Complaint with Affirmative Defenses and avers as follows:

### ANSWER

### Preliminary Statement[1]

This portion of Plaintiffs' Amended Complaint consists of unnumbered paragraphs and purports to contain Plaintiffs' "preliminary statement," to which no response is required insofar as it does not comply with Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in

---

1 For the Court's convenience, Answering Defendant makes reference, where applicable, to the headings and titles contained in the Amended Complaint; however, to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . ."). By way of further answer and without waiver of the foregoing, the averments of this portion of the Amended Complaint constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial, if material.

## Jurisdiction and Venue

1.      Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

2.      Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

## The Parties

3.      Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph regarding this Plaintiff's current residence or domicile. Consequently, they are denied and strict proof is demanded at trial, if material. The remaining averments of this paragraph regarding this Plaintiff's status as trust beneficiary constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial, if material.

4.      Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph regarding this Plaintiff's current residence or domicile. Consequently, they are denied and strict proof is

demanded at trial, if material. The remaining averments of this paragraph regarding this Plaintiff's status as trust beneficiary constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial, if material.

5.      Admitted in part, denied in part. Admitted only that Geer is an attorney licensed to practice in Pennsylvania, is a resident and domiciliary of the state of Pennsylvania, and maintains a business address at business office at 2100 Wilmington Road, New Castle, PA 16105. Denied that Geer is a partner insofar as the firm is not a partnership. Answering Defendant specifically denies Plaintiff's allegation that Geer "continues to claim, without authority, that she is the trustee of the Dille Family Trust." By way of further answer and without waiver of the foregoing, Answering Defendant is and has been the Trustee of the DFT since 2011.

6.      Admitted in part, denied in part. Denied that Herman is a partner at the law firm Geer and Herman, P.C. or Geer's law partner, insofar as the firm is not a partnership. The remaining averments of this paragraph are admitted.

7.      Admitted in part, denied in part. Admitted only, upon information and belief, that Kloss is an individual and a licensed attorney. After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of this paragraph. Consequently, they are denied and strict proof is demanded at trial, if material.

8.      Admitted in part, denied in part. Admitted only, upon information and belief, that Mr. McDevitt is an individual. After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of this paragraph. Consequently, they are denied and strict proof is demanded at trial, if material.

9.    Admitted in part, denied in part. Admitted only, upon information and belief, that Mrs. McDevitt is an individual. After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of this paragraph. Consequently, they are denied and strict proof is demanded at trial, if material

10.    Admitted in part, denied in part. Admitted only, upon information and belief, that O'Malley is an individual and a licensed attorney. After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of this paragraph. Consequently, they are denied and strict proof is demanded at trial, if material.

11.    Admitted in part, denied in part. Admitted only, upon information and belief, that Sneath is an individual, an attorney licensed to practice in Pennsylvania, a partner in the law firm Houston Harbaugh, P.C., and maintains an office at the address identified. It is further admitted that Sneath has, at times, served as counsel to Geer as Trustee for the Dille Family Trust. It is specifically denied that Sneath has represented Herman. After reasonable investigation, Answering Defendant is unable to discern what is meant by the remaining averments of this paragraph relating to what Sneath has "purported." Consequently, they are denied and strict proof is demanded at trial, if material.

12.    Admitted in part, denied in part. Plaintiffs' characterization of Geer and Herman, P.C. as "restricted" is denied. The remaining averments of this paragraph are admitted.

13-15.   Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in these paragraphs. Consequently, they are denied and strict proof is demanded at trial, if material.

**Facts**

16.     Admitted in part, denied in part. Admitted only that the trust instrument referenced in this paragraph purports that the DFT was created as a California trust on August 16, 1979, by Robert C. Dille and Virginia N. Dille as settlors. Any averments relating to the actual formation of the trust constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averment regarding the familial relations of the persons identified. Consequently, they are denied and strict proof is demanded at trial, if material. By way of further answer and without waiver of the foregoing, the trust instrument referenced in this paragraph is a writing which speaks for itself, and any characterizations inconsistent therewith are denied.

17.     Admitted in part, denied in part. Admitted only that the amendment referenced in this paragraph purports that the DFT was amended on Jan. 5, 1982. Any averments relating to the actual amendment of the trust constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, the amendment referenced in this paragraph is a writing which speaks for itself, and any characterizations inconsistent therewith are denied.

18.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

19.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments

of this paragraph are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, the trust instrument referenced in this paragraph is a writing which speaks for itself, and any characterizations inconsistent therewith are denied.

20.    Admitted in part, denied in part. Admitted only that the trust instruments referenced in this paragraph purport that the original situs of the DFT was California, and purport that the situs was changed to Illinois on Feb. 1, 1989. Any averments relating to the actual situs of the trust or transfer thereof or the legal efficacy of those trust instruments constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, the trust instruments referenced in this paragraph are writings which speaks for themselves, and any characterizations inconsistent therewith are denied.

21.    Denied. The averments of this paragraph constitute a recapitulation of the trust instrument, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

22.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

23.    Denied. The averments of this paragraph constitute a recapitulation of the trust instrument, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

24.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

25.     Admitted with the qualification that there is no legal requirement that she be appointed.

26.     Denied as stated. The implication that Geer drafted the document alone is specifically denied, as it was drafted in consultation with the previous Trustee. It is specifically denied that the Beneficiaries were not advised to seek advice from separate counsel; to the contrary, they were so advised and did in fact have separate counsel.

27.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

28.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

29.     Admitted in part, denied in part. Admitted only that Plaintiffs' Amended Complaint alleges facts which purport to arise out of the DFT/NFT Litigation and settlement. Plaintiffs' characterization of the settlement as a "so-called" settlement is denied, as is the averment that the settlement was initiated at the behest of Geer and/or Herman.

30.     Denied. Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, the averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial. Moreover, it is specifically denied that the settlement was procured trough a fraud upon the Court.

31.     Admitted in part, denied in part. Admitted only that the Chapter 11 case was commenced on or about Nov. 28, 2017 by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code. It is denied that the petition was filed without authority, notice or approval of either Beneficiary. By way of further answer and without waiver of the foregoing, the averments of this paragraph relating to whether such authority, notice or approval was required constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial.

32.     Admitted in part, denied in part. Admitted only that Williams voluntarily lent funds to the DFT in order to pay litigation costs. It is denied that the DFT need not have been financially distressed; that Williams lent more than $300,000 to the DFT in reliance upon Geer and at her urging; that such funds would have been sufficient to address DFT's creditors' claims; or that Geer secretly authorized the Chapter 11 Case.

33.     Denied. Answering Defendant specifically denies that she transferred the majority of the proceeds from Ms. Williams' loans to her own law firm without any invoice, explanation or even disclosure. To the contrary, the money went to pay litigation costs, which were disclosed.

34.     Admitted in part, denied in part. Admitted only that Herman entered his appearance for the creditors identified in this paragraph on the date alleged. It is denied that any conflicts of interest existed. By way of further answer and without waiver of the foregoing, the averments of this paragraph relating to an alleged conflict of interest constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

35.     Denied. The averments of this paragraph relating to the contents of the bankruptcy petition constitute a recapitulation of that petition, which is a writing which speaks for itself. Any

characterizations inconsistent therewith are denied It is denied that Geer made any false representations therein. The remaining averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

36.     Denied. The averments of this paragraph constitute a recapitulation of the pleading referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. By way of further answer and without waiver of the foregoing, the averments of this paragraph constitute conclusions of law, which Plaintiffs misinterpret, to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

37.     Denied. The averments of this paragraph constitute a recapitulation of the pleading referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Answering Defendant specifically denies any implications intended by the averment that Geer made certain statements "[w]hen it suited her."

38.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

39.     Denied. The averments of this paragraph constitute a recapitulation of the opinion referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. By way of further answer and without waiver of the foregoing, Plaintiffs' characterization that Geer was "displaced" is denied.

40.     Admitted in part, denied in part. Admitted only that Geer, through her attorney, Herman, filed the Geer Plan on Nov. 1, 2018. The remaining averments of this paragraph constitute

a recapitulation of the Geer Plan referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

41.    Denied. The averments of this paragraph constitute a recapitulation of the disclosure statement referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

42.    Denied. The averments of this paragraph constitute a recapitulation of the disclosure statement referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

43.    Denied. Plaintiffs' characterization of the settlement as a "sham" settlement is specifically denied. The remaining averments of this paragraph constitute a recapitulation of the disclosure statement referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

44.    Denied. Plaintiffs' characterization of Geer and NFT "acting in concert" is specifically denied. The remaining averments of this paragraph constitute a recapitulation of the disclosure statement referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

45.    Denied. Plaintiffs' characterization of the settlement as a "sham" settlement is specifically denied. The remaining averments of this paragraph constitute a recapitulation of the disclosure statement referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

46.    Denied. The averments of this paragraph constitute a recapitulation of the declarations referenced therein, which are writings which speaks for themselves. Any

characterizations inconsistent therewith are denied. The truth or accuracy of the averments contained in those declarations are denied.

47.     Denied. It is specifically denied that Answering Defendant deliberately declined to disclose the consideration to be paid for the DFT's assets under the Geer Plan and the NFT-Geer Plan when the settlement was presented. Plaintiffs' characterization of the settlement as a "sham" is specifically denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations directed towards parties other than Answering Defendant.

48.     Denied. It is specifically denied that Answering Defendant deliberately declined to disclose any information to the Court, including but not limited to the Beneficiaries' purported opposition to Geer's alleged efforts to transfer DFT assets to NFT and/or Geer, or that Geer promised "substantially more consideration than contemplated under the" DFT/NFT settlement. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations directed towards parties other than Answering Defendant.

49.     Denied. The averments of this paragraph constitute a recapitulation of the judicial opinion referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. By way of further answer and without waiver of the foregoing, the averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

50.     Denied. The averments of this paragraph constitute a recapitulation of the judicial opinion referenced therein, which is a writing which speaks for itself. Any characterizations

inconsistent therewith are denied. By way of further answer and without waiver of the foregoing, the averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

51.    Denied. The averments of this paragraph constitute a recapitulation of the complaint referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Answering Defendant further denies Plaintiffs' characterization that the averments made in said complaint were made "immediately" after the decision was issued.

52.    Admitted.

53.    Admitted in part, denied in part. Admitted only that the Beneficiaries served the motion identified in this paragraph on the date specified. The grounds for the motion are denied. It is denied that Geer and/or her counsel made claims and contentions that were unsupported by law or any nonfrivolous argument for extending, modifying, or reversing existing law. The remaining averments of this paragraph constitute a recapitulation of the motion referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Answering Defendant denies the truth or accuracy of the averments contained in said motion. By way of further answer and without waiver of the foregoing, the motion, while served, was never filed.

54.    Admitted.

55.    Denied. The averments of this paragraph constitute a recapitulation of the agreement referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

56.    Denied. The averments of this paragraph constitute a recapitulation of the agreement referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

57.    Denied. The averments of this paragraph constitute a recapitulation of the records referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

58.    Admitted.

59.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the averment relating to what the Beneficiaries believe. Consequently, that averment is denied. It is specifically denied that Answering Defendant expected the Second OC Case would be a vehicle to distribute funds from the settlement and then dissolve the DFT. Answering Defendant also denies Plaintiffs' characterization of the settlement as a "sham" or that she participated in a "scheme."

60.    Denied. Answering Defendant denies that she contended that the Beneficiaries had not been entitled to receive a copy of the settlement and further denies Plaintiffs' characterization of the settlement as a "sham." The remaining averments of this paragraph constitute a recapitulation of the Order referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

61.    Admitted in part, denied in part. Admitted only that Acker entered an Order denying the motion on the specified date and that Sneath requested that the agreement be subject to a confidentiality order. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the averments relating to Judge Acker's

mental impressions. Consequently, they are denied. The Order referenced in this paragraph is a writing which speaks for itself and any characterizations inconsistent therewith are denied.

62.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the averments relating to when the Beneficiaries learned the information described in this paragraph, as well as Plaintiffs' characterization of the NFT as DFT's "nemesis." Consequently, they are denied. Answering Defendant denies Plaintiffs' characterization of the settlement as "fraudulent" and Geer's authorization of all DFT causes of action, choses in action, and books and records as "illegal."

63.    Admitted in part, denied in part. Admitted only that Geer produced the materials identified in the foregoing paragraph. Answering Defendant denies Plaintiffs' characterization that she did so only in response to an Order or after "losing a protracted legal dispute" as well as whether the averments of this paragraph are "important."

64.    Denied. The averments of this paragraph constitute a recapitulation of the Order referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

65.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

66.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

67.    Denied. The averments of this paragraph constitute a recapitulation of the response to request for admissions referenced therein, which is a writing which speaks for itself. Any

characterizations inconsistent therewith are denied, particularly the mischaracterization that Geer made any such admission without objection. It is specifically denied that Answering Defendant made any such admission without objection. By way of further answer and without waiver of the foregoing, Answering Defendant further denies any implication that court appointment as trustee is required by law or otherwise. By way of further answer and without waiver of the foregoing, Answering Defendant is and has been the Trustee of the DFT since 2011.

68.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

69.     Admitted in part, denied in part. Admitted only that the Beneficiaries purported to give written notice. It is denied that the purported notice effectuated her removal. By way of further answer and without waiver of the foregoing, Answering Defendant further denies any implication that court appointment as trustee is required by law or otherwise. The remaining averments of this paragraph constitute a recapitulation of the written notice referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

70.     Denied. Answering Defendant denies that she was removed as trustee or that she illegally acted on behalf of the DFT. At all times relevant, she acted legally and with proper authority.

71.     Admitted in part, denied in part. Admitted only that the Beneficiaries purported to give written notice on August 26, 2018. It is denied that the purported notice effectuated her removal. It is further denied that the referenced documents are attached as exhibits to the Amended Complaint; Exhibit N contains only the alleged written notice dated August 26, 2018 and does not contain the alleged written notices dated Feb. 22, 2019 or Feb. 25, 2019. By way of further answer

and without waiver of the foregoing, Answering Defendant further denies any implication that court appointment as trustee is required by law or otherwise. The remaining averments of this paragraph constitute a recapitulation of the written notice(s) referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

72.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the averments contained in this paragraph. Consequently, they are denied.

73.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, the averments of this paragraph also constitute a recapitulation of the trust instrument and removal notices referenced therein, which are writings which speak for themselves. Any characterizations inconsistent therewith are denied.

74.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the averments contained in this paragraph. Consequently, they are denied. By way of further answer and without waiver of the foregoing, the averments of this paragraph also constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

75.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial. It is specifically denied that the Beneficiaries effectuated removal of assets from the DFT.

76.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial. It is specifically denied that the Beneficiaries effectuated removal of assets from the DFT or that no assets remained to convey after the date in question.

77.    Denied. The averments of this paragraph constitute a recapitulation of the motion quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

78.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the averments contained in this paragraph relating to Justin Kloss's or LoTiempo's status as partners at their law firm. Consequently, they are denied. The remaining averments of this paragraph constitute a recapitulation of the motion quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

79.    Denied. The averments of this paragraph constitute a recapitulation of the various motions referenced therein, which are writings which speak for themselves. Any characterizations inconsistent therewith are denied. Answering Defendant further denies the characterization that Herman sponsored Kloss "just prior to" the settlement conference, as well as Plaintiffs' opinion that the *pro hac* Motion was "deeply disturbing."

80.    Denied. The characterization of Kloss's *pro hac vice* admission as improper and unethical constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial. Plaintiffs' characterization of the settlement as a "sham" is denied. The

remaining averments of this paragraph constitute a recapitulation of the transcript referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

81.     Admitted in part, denied in part. Admitted only, upon information and belief, that Kloss, Stenger & LoTiempo took receipt of the settlement proceeds. The averments relating to an alleged conflict constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial. Plaintiffs' characterization of the settlement as a "sham" is denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining averments contained in this paragraph. Consequently, they are denied.

82.     Admitted in part, denied in part. Admitted only that on March 4, 2019, a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(B) was filed in the DFT/NFT Litigation and signed by Judge Beetlestone. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the averments contained in this paragraph concerning what the Court or the Beneficiaries knew or did not know. Consequently, they are denied. The averments relating to whether action was taken without the Beneficiaries' authorization or approval, or whether such authorization or approval was required, and fraud on the court, all constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial. Moreover, Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020. Plaintiffs' characterization of the settlement as a "sham" or "antithetical to the Beneficiaries' interests" is denied.

83.    Admitted in part, denied in part. Admitted only that the Beneficiaries filed such a Motion. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief about the truth of the averments contained in this paragraph relating to their "suspicions" or whatever other reasons the Beneficiaries had for filing the Motion. Consequently, they are denied. The averments implying that Geer committed fraud on the court constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial. It is specifically denied that Geer committed fraud on the court. Indeed, Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020.

84.    Admitted in part, denied in part. Admitted only that the Court denied the Motion to Set Aside Judgment without prejudice. The remaining averments of this paragraph constitute a recapitulation of the Order referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Moreover, Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020.

85.    Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph relating to what information or evidence Beneficiaries purport to have "uncovered." Consequently, they are denied and strict proof is demanded at trial, if material. The averments implying that Geer committed fraud on the court constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial. It is specifically denied that Geer committed fraud on the court. Indeed, Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020.

86.    Denied. It is specifically denied that Geer committed fraud on the court. Indeed, Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020; thus, the averment that any "evidence" thereof exists is denied. The remaining averments of this paragraph constitute a recapitulation of the transcript quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

87.    Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph relating to whether, or when, the Beneficiaries obtained a copy of the transcript of the February 28, 2019, settlement conference in the DFT/NFT Litigation, or when they "discovered" O'Malley's statements. Consequently, they are denied and strict proof is demanded at trial, if material. Plaintiffs' characterizations of O'Malley's statements as "inconsistent" are denied. The remaining averments of this paragraph constitute a recapitulation of the transcript quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

88.    Admitted in part, denied in part. Admitted only that Sneath participated in the Sept. 10, 2019 hearing. The remaining averments of this paragraph constitute a recapitulation of the transcript quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Any implications intended by Plaintiffs' use of emphasis are denied.

89.    Denied. The averments of this paragraph constitute a recapitulation of the transcript quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Any implications intended by Plaintiffs' use of emphasis are denied. Answering Defendant denies Plaintiffs' characterization of Sneath's representations as inconsistent, or that his representations were "called into doubt."

90.    Denied. The averments of this paragraph constitute a recapitulation of the transcript quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Any implications intended by Plaintiffs' use of emphasis are denied.

91.    Denied. Answering Defendant denies the averments that Sneath did, or appeared to, misrepresent facts regarding the settlement. Plaintiffs' characterization of the settlement as a "sham" settlement is specifically denied. The remaining averments of this paragraph constitute a recapitulation of the transcript quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Any implications intended by Plaintiffs' use of emphasis are denied.

92.    Denied. Answering Defendant denies that Sneath made false representations. The remaining averments of this paragraph constitute a recapitulation of the transcript quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

93.    Admitted in part, denied in part. Admitted only that Geer "appears to have signed" the NDA on the date alleged and that the NDA was made between DFT, NFT, and the Buck Rogers Company. Answering Defendant denies Plaintiffs' characterization that Sneath "was responsible for the" NDA.

94.    Admitted in part, denied in part. Admitted only that Geer produced the settlement documents. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph relating to what the Beneficiaries learned and when. Consequently, they are denied and strict proof is demanded at trial, if material. Answering Defendant denies the averments of written misrepresentations in the settlement documents, efforts to conceal the settlement and its terms from the Beneficiaries, and that defendants committed a fraud upon this or any other court, made misrepresentations to judges

in open court, or failed to disclose material facts to those courts. By way of further answer and without waiver of the foregoing, the averments of this paragraph relating to fraud on the court constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial. Moreover, This claim has been dismissed pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. The remaining averments of this paragraph constitute a recapitulation of the Order referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

95.     Denied. The averments of this paragraph constitute a recapitulation of the APA, the Geer Plan, and the NFT-Geer Plan referenced therein, which are writings which speak for themselves. Any characterizations inconsistent therewith are denied.

96.     Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph. Consequently, they are denied and strict proof is demanded at trial, if material.

97.     Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph relating to Plaintiffs' speculation concerning whether or not the DFT would have been in a better position if the litigation had not settled, whether NFT did or did not have any claims against the DFT, or whether the settlement would result in greater harm to the DFT and its Beneficiaries than $300,000. Consequently, they are denied and strict proof is demanded at trial, if material. By way of further answer and without waiver of the foregoing, the averments of this paragraph relating to fraud on the court constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict

proof thereof is demanded at trial. Moreover, this claim has been dismissed pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, the averments of this paragraph relating to NFT's potential claims against the DFT and KSL's alleged conflict of interest also constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

98.     Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph. Consequently, they are denied and strict proof is demanded at trial, if material.

99.     Admitted in part, denied in part. Admitted only that Geer filed the referenced documents on the date alleged. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph relating to what the Beneficiaries learned and when. Consequently, they are denied and strict proof is demanded at trial, if material.

100.     Denied. The averments of this paragraph constitute a recapitulation of the Order referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Plaintiffs' characterization of the referenced interrogatories and requests for production of documents referenced as "key" is denied.

101.     After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph relating to what the Beneficiaries learned and when. Consequently, they are denied and strict proof is demanded at trial, if material. By way of further answer and without waiver of the foregoing, the averments of this paragraph relating to fraud on the court constitute conclusions of law to which

no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial. Moreover, this claim has been dismissed pursuant to the Court's Order dated December 22, 2020; thus, the averment that any "evidence" thereof exists, or that payment to Sneath by Geer's professional liability insurer somehow constitutes evidence thereof, is denied.

102.    Denied. Answering Defendant denies that Geer has sought to recover Sneath's fees from the DFT ahead of its other creditors and denies Plaintiff's characterization that Geer's retention of Sneath or his compensation from her professional liability carrier is "shocking."

103.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, it is specifically denied that a fraudulent judgment was entered or constituted fraud on the court. Moreover, Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020.

104.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, it is specifically denied that a judgment was obtained by fraud. Moreover, Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020.

105.    Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief about the truth of the averments contained in this paragraph relating to what the Beneficiaries discovered, or could have discovered, and when. Answering Defendant

specifically denies Plaintiffs' characterization of the settlement as "fraudulent" or that the judgment was based on a fraud. The remaining averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, it is specifically denied that a judgment was obtained by fraud. Moreover, Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020.

106.    Admitted in part, denied in part. Admitted only that Geer, on behalf of the DFT, entered into a Confidentiality and Non-Disclosure Agreement with NFT and BRC. It is denied that they did so for an improper purpose. By way of further answer and without waiver of the foregoing, the averments of this paragraph relating to an alleged improper purpose constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, those averments are denied and strict proof thereof is demanded at trial.

107.    Admitted in part, denied in part. Admitted only that the NDA was signed on behalf of the BRC and NFT nearly two months after the settlement. Answering Defendant denies that she made any representation to the Court that the settlement had not been confidential, and denies the implication that the NDA is "suspicious." Answering Defendant denies the averment relating to consideration for the NDA because the NDA is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. With respect to the averments relating to how the Court should regard the NDA, Answering Defendant would not presume to tell the Court how it should regard any of the averments in the Amended Complaint.

108.    Denied. The averments of this paragraph constitute a recapitulation of the SA referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. Plaintiffs' characterization of the release as "exhaustive" is denied.

109.    Denied. Answering Defendant denies anticipating that Beneficiaries would seek redress for fraud on the court or that the SA or APA evidence any such anticipation; indeed, Plaintiffs' claim for fraud on the court has been dismissed pursuant to the Court's Order dated December 22, 2020. The averments of this paragraph also constitute a recapitulation of the SA and APA referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial.

110.    Denied. The averments of this paragraph constitute a recapitulation of the APA referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

111.    Denied. The averments of this paragraph constitute a recapitulation of the APA referenced therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

112.    Denied. The averments of this paragraph constitute a recapitulation of the SA quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent therewith are denied.

113.    Denied. The averments of this paragraph constitute a recapitulation of the SA quoted therein, which is a writing which speaks for itself. Any characterizations inconsistent

therewith are denied. Plaintiffs' characterization of the settlement as a "sham" settlement is specifically denied, as is Plaintiffs' opinion as to whether or not the defendants "mince[d] their words."

114.    This paragraph is directed toward a party other than Answering Defendant. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, this defendant has been dismissed from the instant case pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, the averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

115.    This paragraph is directed toward a party other than Answering Defendant. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, this defendant has been dismissed from the instant case pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, the averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

116.    This paragraph is directed toward a party other than Answering Defendant. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, this defendant has been dismissed from the instant case pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, the averments of this paragraph constitute conclusions of law to

which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

117.    This paragraph is directed toward a party other than Answering Defendant. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, this defendant has been dismissed from the instant case pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, the averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

118.    Denied. Answering Defendant denies all averments of this paragraph and the subparagraphs contained therein. By way of further answer and without waiver of the foregoing, the averments of this paragraph constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of this paragraph are denied and strict proof thereof is demanded at trial.

## COUNT I – Fraud Upon the Court

119-161.    This claim has been dismissed pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, the averments of these paragraphs constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, Defendant, Louise A. Geer, denies any and all other allegations of Plaintiffs' Amended Complaint and respectfully requests that Judgment be entered in her favor.

## COUNT II – Breach of Fiduciary Duty

162.    Answering Defendant hereby incorporates by reference her answers to the preceding paragraphs, as though the same were more fully set forth at length herein.

163-167.    Denied. The averments of these paragraphs constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, it is specifically denied that Answering Defendant failed to disclose material information, engaged in dealings with the DFT for her own benefit and/or against the interests of the DFT and its Beneficiaries, failed to meet any applicable standard of care at any time, breached any fiduciary duties, or acted willfully and/or with malice and/or with the intent to oppress and/or injure the DFT and its Beneficiaries.

**WHEREFORE**, Defendant, Louise A. Geer, denies any and all other allegations of Plaintiffs' Amended Complaint and respectfully requests that Judgment be entered in her favor.

## <u>COUNT III – Constructive Fraud/Fraudulent Concealment</u>

168.    Answering Defendant hereby incorporates by reference her answers to the preceding paragraphs, as though the same were more fully set forth at length herein.

169-74.    Denied. The averments of these paragraphs constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, it is specifically denied that Answering Defendant failed to disclose material information, engaged in dealings with the DFT for her own benefit and/or against the interests of the DFT and its Beneficiaries, violated any duties owed to the Beneficiaries, failed to meet any applicable standard of care at any time, or acted willfully and/or with malice and/or with the intent to oppress and/or injure the DFT and its Beneficiaries.

**WHEREFORE**, Defendant, Louise A. Geer, denies any and all other allegations of Plaintiffs' Amended Complaint and respectfully requests that Judgment be entered in her favor.

## COUNT IV – Negligence

175.    Answering Defendant hereby incorporates by reference her answers to the preceding paragraphs, as though the same were more fully set forth at length herein.

176-178.    Denied. The averments of these paragraphs constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial. By way of further answer and without waiver of the foregoing, it is specifically denied that Answering Defendant failed to disclose material information, engaged in dealings with the DFT for her own benefit and/or against the interests of the DFT and its Beneficiaries, or failed to meet any applicable standard of care at any time.

**WHEREFORE**, Defendant, Louise A. Geer, denies any and all other allegations of Plaintiffs' Amended Complaint and respectfully requests that Judgment be entered in her favor.

## COUNT V – Conspiracy to Breach Fiduciary Duty and Commit Constructive Fraud/Fraudulent Concealment

179-194.    This claim has been dismissed pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, the averments of these paragraphs constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, Defendant, Louise A. Geer, denies any and all other allegations of Plaintiffs' Amended Complaint and respectfully requests that Judgment be entered in her favor.

## COUNT VI – Aiding and Abetting Breach of Fiduciary Duty and Commit Constructive Fraud/Fraudulent Concealment

195-204.    These paragraphs are directed toward parties other than Answering Defendant. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, this claim has been dismissed pursuant to the Court's Order dated December 22, 2020. Accordingly, no response is required. By way of further answer and without waiver of the foregoing, the averments of these paragraphs constitute conclusions of law to which no response is required. If it is later judicially determined that a response is required, the averments of these paragraphs are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, Defendant, Louise A. Geer, denies any and all other allegations of Plaintiffs' Amended Complaint and respectfully requests that Judgment be entered in her favor.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Amended Complaint fails to set forth any claims or causes of action against Answering Defendant upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim for Fraud on the Court against Answering Defendant.

### Third Affirmative Defense

Plaintiffs' claim for Fraud on the Court has been dismissed by the Court's Dec. 22, 2018 Order.

### Fourth Affirmative Defense

4821-4601-3398, v. 1

Plaintiffs' Amended Complaint fails to state a claim for Breach of Fiduciary Duty against Answering Defendant.

## Fifth Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim for Constructive Fraud/Fraudulent Concealment against Answering Defendant.

## Sixth Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim for Negligence against Answering Defendant.

## Seventh Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim for Conspiracy to Breach Fiduciary Duty and to Commit Constructive Fraud/Fraudulent Concealment against Answering Defendant.

## Eighth Affirmative Defense

Plaintiffs' claim for Conspiracy to Breach Fiduciary Duty and to Commit Constructive Fraud/Fraudulent Concealment has been dismissed by the Court's Dec. 22, 2018 Order.

## Ninth Affirmative Defense

Plaintiffs' Amended Complaint fails to set forth any allegations that warrant the imposition of exemplary or punitive damages against Answering Defendant.

## Tenth Affirmative Defense

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, as a matter of law.

## Eleventh Affirmative Defense

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the applicable statutes of limitations.

**Twelfth Affirmative Defense**

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the doctrines of waiver and/or estoppel and/or consent.

**Thirteenth Affirmative Defense**

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the doctrine of justification.

**Fourteenth Affirmative Defense**

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the doctrines of privilege, absolute privilege, and/or immunity.

**Fifteenth Affirmative Defense**

Plaintiffs' damages and/or losses, if any, were caused in whole, or in part, by Plaintiffs and/or were the result of Plaintiffs' own actions, inactions, and/or conduct.

**Sixteenth Affirmative Defense**

Plaintiffs' damages and/or losses, if any, were caused in whole, or in part, by Plaintiffs' agents and/or representatives.

**Seventeenth Affirmative Defense**

Plaintiffs' damages and/or losses, if any, were caused by individuals and/or persons over whom Answering Defendant had no right, ability, and/or authority to control.

**Eighteenth Affirmative Defense**

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the economic loss doctrine.

**Nineteenth Affirmative Defense**

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by Plaintiffs' failure to mitigate damages and/or losses.

### Twentieth Affirmative Defense

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by superseding and/or intervening causes.

### Twenty-First Affirmative Defense

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

### Twenty-Second Affirmative Defense

Plaintiffs have not suffered or incurred any damages and/or losses as a matter of law.

### Twenty-Third Affirmative Defense

Plaintiffs cannot and will not be able to prove any actual damages and/or losses as a result of any actions, inactions and/or conduct, real and/or alleged, of Answering Defendant.

### Twenty-Fourth Affirmative Defense

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

### Twenty-Fifth Affirmative Defense

Plaintiffs are not entitled to an award of fees, costs and/or interest as an item of damage.

### Twenty-Sixth Affirmative Defense

Answering Defendant hereby pleads the statute of frauds as a full or partial defense to Plaintiffs' Amended Complaint.

### Twenty-Seventh Affirmative Defense

Plaintiffs may have already entered into a release and/or voluntary discharge with other individuals, entities, or judicial bodies that may have the effect of discharging any liability of Answering Defendant to the extent that facts as developed in future discovery may implicate.

### Twenty-Eighth Affirmative Defense

Plaintiffs' claims are barred and/or reduced by the Pennsylvania Comparative Negligence Act.

### Twenty-Ninth Affirmative Defense

Answering Defendant hereby pleads the Pennsylvania Rules of Professional Conduct as a full or partial defense to Plaintiffs' Amended Complaint.

### Thirtieth Affirmative Defense

Plaintiffs' Amended Complaint is barred in whole, or in part, by the doctrines of unclean hands and/or *in pari delicto* in that Plaintiffs' losses were caused by their own illegal and immoral misconduct.

### Thirty-First Affirmative Defense

Answering Defendant hereby pleads the Restatement of Torts 2d and 3d as full and complete defenses to Plaintiffs' Amended Complaint.

### Thirty-Second Affirmative Defense

Plaintiffs' claims against Answering Defendant are barred and/or limited pursuant to the Fair Share Act, 42 Pa. C.S. § 7102, and Answering Defendant hereby asserts all of the rights and defenses available under the Act.

### Thirty-Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by fraud.

## <u>JURY DEMAND</u>

Defendant, Louise A. Geer, by and through her attorneys Kane, Pugh, Knoell, Troy & Kramer, LLP and Paul C. Troy, Esq., hereby requests a trial by a jury of twelve (12) plus two alternates; trial to proceed as long as there are twelve (12) members available.

**WHEREFORE**, Defendant, Louise A. Geer, denies any and all other allegations of Plaintiffs' Amended Complaint and respectfully requests that Judgment be entered in her favor.

Respectfully submitted,

By:    /s/ Paul C. Troy
Paul C. Troy, Esquire
James G. Schu, Jr., Esquire
I.D. Nos. 60875/311663
KANE, PUGH, KNOELL, TROY & KRAMER LLP
510 Swede Street
Norristown, PA 19401
*Attorneys for Defendant, Louise A. Geer*

4821-4601-3398, v. 1