IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT NICHOLS FLINT DILLE, and LORRAINE DILLE, | : : : |
| Plaintiffs, | : Civil Action : |
| v. | : : |
| LOUISE A. GEER, | : No. 20-cv-00924-WB : |
| Defendant | : JURY TRIAL DEMANDED |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' "SUPPLEMENTAL STATUS REPORT" FILED JULY 14, 2021

Defendant, Louise A. Geer ("Defendant" or "Geer"), by and through her attorneys, Kane, Pugh, Knoell, Troy & Kramer, LLP, hereby files this response to the unsolicited "Supplemental Status Report" filed by Plaintiffs on July 14, 2021. Defendant is reluctant to file this response outside of the Court-ordered schedule requiring updates every thirty days,[1] but is compelled to do so in light of a crucial misrepresentation contained in Plaintiffs' unsolicited submission to the Court.

Plaintiffs have correctly advised this Court that Judge Acker entered an Order in the Lawrence County Action on or about July 14, 2021, granting motions for reconsideration relating to his prior decision of June 23, 2021 concerning the issue of Defendant's trusteeship of the Dille Family Trust (the "DFT"). They are mistaken, however, in representing to this Court that Judge Acker granted the motions for reconsideration "without vacating or altering" his June 23, 2021

---

[1] At a Rule 16 Conference on Feb. 4, 2021, this Honorable Court entered an Order (ECF No. 75) directing that the instant action was stayed pending further proceedings in the Court of Common Pleas for Lawrence County, Pa., Orphans Court Division, where a related litigation, captioned *In re: Dille Family Trust*, Case No. 43-19 OC, is ongoing (the "Lawrence County Action"), and directing the parties to provide periodic status updates during the stay.

Order. See Pls.' Suppl. Status Rpt. [Dkt. No. 95] at ¶ 10. While the July 14, 2021 Order does not expressly state that the June 23, 2021 order is "vacated," Pennsylvania courts have recognized that the express granting of reconsideration is equivalent to vacating an order. See, e.g. *Jackson ex rel. Sanders v. Hendrick*, 560 Pa. 468, 746 A.2d 574, 579 (Pa. 2000) (Zappala, J., concurring) (a decision granting reconsideration "has the effect of vacating the original order; until the court enters its decision on reconsideration, the status of the case is as if no order had been entered"); *Barron v. City of Philadelphia*, 754 A.2d 738, 740 (Pa. Cmwlth. 2000) ("[W]hen a court enters an order expressly granting reconsideration, it would follow that the order under reconsideration is effectively vacated[.]"); see also *K.T.R. v. L.S.*, 238 A.3d 478, 481 n. 8 (Pa. Super. 2020) (observing that "[t]here is no requirement that the trial court expressly vacate the order" when granting reconsideration, and criticizing the proposition that the court must separately vacate the order in addition to reconsideration as "erroneous"). Therefore, to the extent Plaintiffs appear to suggest that the June 23, 2021 Order remains in effect pending further reconsideration, they are incorrect.

                Respectfully submitted,

                By: /s/ Paul C. Troy, Esquire
                     Paul C. Troy, Esquire
                     James G. Schu, Jr., Esquire
                     I.D. Nos. 60875/311663
                     KANE, PUGH, KNOELL, TROY & KRAMER LLP
                     510 Swede Street
                     Norristown, PA 19401
                     *Attorneys for Defendant, Louise A. Geer*