## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT NICHOLS FLINT DILLE and LORRAINE DILLE WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> LOUISE A. GEER, Claimed Trustee of the Dille Family Trust, <br><br> Defendant. | Civil Action No. 20-cv-00924-WB <br><br> (Related to Case No. 15-cv-06231-WB) |

### PLAINTIFFS' STATUS REPORT PURSUANT TO ORDER OF COURT DATED JANUARY 3, 2022

Plaintiffs, Lorraine Dille Williams and Robert Nichols Flint Dille ("Plaintiffs"), by and through counsel, Jennifer T. Mihok, Esquire, submit the following Status Report in accordance with the Order of Court dated January 3, 2022.

There are three (3) remaining, pending matters on which the parties have previously provided updates. Those matters are: (1) In Re: Dille Family Trust; Court of Common Pleas of Lawrence County, Orphans' Court at Docket No. **43 of 2019, O.C.**; (2) Lorraine Dille Williams v. Louise A. Geer; Court of Common Pleas of Allegheny County at Docket No. **GD-21-008824**; and (3) Lorraine Dille Williams and Robert Nichols Flint Dille v. Louise A. Geer, Daniel Herman, Geer & Herman, P.C., Eileen Sabrina Herman and Herman and Geer Communications, Inc. d/b/a Hermes Press; Court of Common Pleas of Lawrence County, Orphans' Court at Docket No. **30 of 2024, O.C.**

### 1.  In Re: Dille Family Trust.

On April 16, 2024, the Beneficiaries filed a Petition to Set Aside Act of Trustee (the "Petition"). The Petition seeks to set aside Louise A. Geer's act of entering into a "Settlement Agreement" with the Nowlan Family Trust and an "Asset Purchase Agreement" with the Buck

1

Rogers Company on behalf of the Dille Family Trust (the "DFT"). Plaintiffs' Petition sets forth averments regarding Louise A. Geer's breaches of the fiduciary duties owed to the Plaintiffs as beneficiaries of the DFT. Plaintiffs' Petition also sets forth averments regarding the inapplicability of Section 7790.2 of the Uniform Trust Act which is designed to protect innocent, bonified purchasers for value.

Intervenors, the Nowlan Family Trust and Buck Rogers Co. ("Intervenors"), filed Preliminary Objections to the Petition on June 6, 2024. Louise A. Geer filed Preliminary Objections to the Plaintiffs' Petition on June 27, 2024. Oral argument thereon was held on August 12, 2024. On January 13, 2025, an Opinion and Order with Regard to the Preliminary Objections to the Petition to Set Aside Act of Trustee Filed on April 16, 2024 (the "January 13, 2025 Opinion and Order") was issued. Pursuant thereto, the Preliminary Objections of the Intervenors and Louise A. Geer "with regard to the failure of the Petitioners to verify the Petition" were granted and the Plaintiffs were ordered to file an Amended Petition with verifications and with "a Notice to Plead in conformity with Pa.R.O.C. 3.5(b)(1)." See, January 13, 2025 Opinion and Order, p. 6. The remainder of the Preliminary Objections of Louise A. Geer and the Intervenors were overruled.

On January 28, 2025, the Plaintiffs filed an Amended Petition to Set Aside Act of Trustee (the "Amended Petition") pursuant to the January 13, 2025 Opinion and Order. The Intervenors filed a Motion for Reconsideration of Order of Court filed January 13, 2025 and presented the same on January 28, 2025. The Motion was denied pursuant to Order of Court dated January 30, 2025. On February 19, 2025, Louise A. Geer filed an Answer and New Matter to the Amended Petition and the Intervenors filed Preliminary Objections to the Amended Petition. The Preliminary Objections were denied by an Order of Court dated February 24, 2025. The Intervenors then filed a Motion for Reconsideration of Decision of Standing in Order Entered February 24, 2025 on

March 4, 2025. Plaintiffs filed a Response to the Motion for Reconsideration of Decision of Standing in Order Entered February 24, 2025. Said Motion was denied by Order of Court dated March 18, 2025. A true and correct copy of the March 18, 2025 Order of Court is attached hereto, marked Exhibit "1" and made a part hereof.

An Order of Court dated March 24, 2025 was issued stating, *inter alia*, that a Status Conference would take place on April 15, 2025 "to discuss with counsel the remaining issues and the scheduling of a trial on those issues." A true and correct copy of the March 24, 2025 Order of Court is attached hereto, marked Exhibit "2" and made a part hereof.

At said Status Conference, it was determined that trial on the matter would take place sometime after July 21, 2025. Additionally, Geer, the Intervenors and the Beneficiaries all expressed the intention to file dispositive motions. Judge Acker granted all parties ten (10) days from the date of the Status Conference to file any and all dispositive motions and further stated that a briefing schedule would thereafter be issued. Geer filed a Motion for Summary Judgment, the Intervenors filed a Motion for Partial Summary Judgment and the Beneficiaries filed a Motion for Partial Summary Judgment. True and correct copies thereof, *sans* exhibits, are attached hereto and marked Exhibits "3," "4," and "5," respectively. Geer's Motion for Summary Judgment alleges, *inter alia*, that the Beneficiaries' request to set aside Geer's act of entering into the Purchase Agreement with the Intervenors "is an impermissible attempt to collaterally attack the decision of Federal Judge Beetlestone, which, *inter alia*, dismissed the Beneficiaries' claims against the Nowlan Family Trust." See, Exhibit 3, ¶ 11. Similarly, the Motion for Partial Summary Judgment filed by the Intervenors alleges that res judicata precludes the Beneficiaries from obtaining the relief sought pursuant to their Petition to Set Aside Act of Trustee pursuant to the findings of this Honorable Court, quoting pages 36 and 37 of the Opinion issued by this Honorable

Court dated December 22, 2020. See, Exhibit 4, ¶ 32. The Intervenors further allege that "[d]ismissal of the Intervenors from the action was an adjudication on the merits and with prejudice because Judge Beetlestone did not state otherwise." See, Exhibit 4, ¶ 40. After briefing and oral argument which took place on June 13, 2025, an Order was issued dated July 2, 2025 granting "[t]he motions for summary judgment against Robert Nichols Flint Dille and Lorraine Dille Williams with regard to the Amended Petition to Set Aside Act of Trustee;" dismissing the Amended Petition to Set Aside Act of Trustee; and denying "[a]ll other motions for summary judgment...." A true and correct copy of the July 2, 2025 Opinion and Order is attached hereto, marked Exhibit "6" and made a part hereof.

### 2. Lorraine Dille Williams v. Louise A. Geer.

This matter was initiated in Allegheny County on July 29, 2021 by filing a Complaint in Confession of Judgment with regard to eleven (11) judgment notes[1] executed by Louise A. Geer in favor of Lorraine Dille Williams. The judgment was opened by Order of Court dated June 16, 2022 granting Louise A. Geer's Petition to Open or Strike. Discovery disputes followed and, on the morning of oral argument (March 8, 2023) on Plaintiff's Motion to Compel and Defendant's Objections to Plaintiff's Notice of Intent to Serve Subpoenas, rather than proceeding with the argument, the parties were informed that the matter was going to be transferred to a Judge who would hear all aspects of the case[2] due to its complexity. Two days later, the matter was transferred to the Honorable Christine A. Ward who stayed the matter indefinitely by Order of Court dated

---

[1] Two (2) additional confessed judgments have since been located, both dated December 1, 2015 and both purporting to bear the signature of attorney S. Sanford Kantz with the initials "lg" below the signature line.
[2] In the Court of Common Pleas of Allegheny County, unless a civil action is designated as "complex," discovery motions are typically heard by the Honorable Philip A. Ignelzi. Non-discovery motions are heard by Judges in the Civil Division on a rotating basis.

4

March 22, 2023. Plaintiff filed a Motion to Lift Stay on May 25, 2023 which was denied by Order of Court dated September 1, 2023. The action remains stayed.

### 3. Lorraine Dille Williams and Robert Nichols Flint Dille v. Louise A. Geer, Daniel Herman, Geer & Herman, P.C.

This matter was initiated by Lorraine Dille Williams and Robert Nichols Flint Dille against Louise A. Geer, Daniel Herman, Eileen Sabrina Herman, Geer & Herman, P.C. and Herman and Geer Communications, Inc. d/b/a Hermes Press in the civil division of the Lawrence County Court of Common Pleas sounding in fraud, conversion and conspiracy. An Order of Court was issued on December 30, 2022 granting the Preliminary Objection filed by Defendants, Louise A. Geer, Daniel Herman and Geer & Herman, P.C. with regard to subject matter jurisdiction. The Order held that the Lawrence County Orphans Court at docket no. 43 of 2019, O.C. maintained sole and complete jurisdiction over the matter and dismissed the Plaintiffs' Complaint with prejudice and no right to amend.

Plaintiffs filed a timely appeal to the Superior Court of Pennsylvania at 128 WDA 2023. After briefs and oral argument, the Superior Court issued a Memorandum dated March 18, 2024 vacating the Order appealed from and remanding with instructions for the trial court to transfer the matter to the orphans' court division. On March 19, 2024, the trial court issued an Order transferring the matter to the Orphans' Court Division of the Court of Common Pleas of Lawrence County. The action was assigned the docket number **30 of 2024, O.C.**

Plaintiffs filed a Motion for Leave to Amend Complaint which was granted in part and denied in part pursuant to Order of Court and Opinion dated October 31, 2024. Plaintiffs filed an Amended Complaint pursuant to the October 31, 2024 Order of Court and Preliminary Objections were filed thereto by Defendants, Louise A. Geer, Daniel Herman and Geer & Herman, P.C. and by Defendants Eileen Sabrina Herman and Herman and Geer Communications, Inc. d/b/a Hermes

Press, respectively. Plaintiffs filed a Response to the Preliminary Objections filed by Eileen Sabrina Herman and Herman and Geer Communications, Inc. d/b/a Hermes Press and to the Preliminary Objections filed by Louise A. Geer, Daniel Herman and Geer & Herman, P.C.

After briefing and oral argument an Order was entered on February 20, 2025 sustaining the Preliminary Objections in part and denying the Preliminary Objections in part, including dismissing the claims against Eileen Sabrina Herman and Herman and Geer Communications, Inc. d/b/a Hermes Press. Also on February 20, 2025 an Order was issued *sua sponte* reinstating the original docket number assigned to this matter.

An Order of Court was then issued dated March 24, 2025 scheduling a Conference for April 15, 2025 "to establish discovery deadlines." A true and correct copy of the March 24, 2025 Order of Court is attached hereto, marked Exhibit "7" and made a part hereof. The Conference took place as scheduled at which time both parties were given thirty (30) days to conduct written discovery with depositions to be taken after responses thereto are received (i.e. after sixty (60) days from the date of the Conference).

Respectfully submitted,

/s/ Jennifer T. Mihok
Jennifer Tis Mihok
PA ID No. 203751
THE MIHOK LAW FIRM, P.C.
3706 Butler Street, Suite 327
Pittsburgh, PA 15201
Tel: (412) 860-0907
Fax: (412) 204-3472
*jtm@mihoklaw.com*